In re Petition for DISCIPLINARY AC-TION AGAINST Chanel Gigi MELIN, a Minnesota Attorney, Registration No. 342506.

No. A12–0341.

Supreme Court of Minnesota.

April 17, 2012.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Chanel Gigi Melin committed professional misconduct warranting public discipline. The petition for disciplinary action alleges that respondent misappropriated $5,026 from a client, a condominium association that she was also an officer of, and that respondent made two false statements at a meeting of the condominium association, in violation of Minn. R. Prof. Conduct 8.4(c). Respondent admits the allegations of the petition, waives her procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and with the Director recommends that the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for two years.

"We have stated that misappropriation of client funds usually merits the sanction of disbarment...." *In re Swerine,* 513 N.W.2d 463, 466 (Minn.1994). This court, however, has not disbarred an attorney for misappropriation of client funds when substantial mitigating factors were present. *See, e.g., In re Rooney,* 709 N.W.2d 263, 272 (Minn.2006). In their stipulation for discipline, the parties indicate that respondent raised several issues in mitigation to the Director, including that: respondent has mental health issues which were occurring at the time of her misconduct, including a diagnosis for major depression and acute stress disorder; respondent was experiencing extreme personal stress from a family situation during the time of her misconduct; and respondent made complete restitution to the association prior to a complaint being filed with the Director.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Chanel Gigi Melin is indefinitely suspended from the practice of law, effective 14 days from the date of filing of this order, with no right to petition for reinstatement for a minimum of two years from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice